| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Alison Norris |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS** (filed 06/10/11)

## I. INTRODUCTION & BACKGROUND

On October 27, 2010, plaintiffs Nana Baidoobonso-Iam and William Collier filed suit in the Los Angeles County Superior Court against BAC Home Loans Servicing, L.P., improperly sued as Bank of America (Home Loans) ("BAC"); ReconTrust Company, N.A. ("ReconTrust"); Wells Fargo Bank, N.A., as trustee for the holders of SASCO 2007-mini c/o BAC Home Loan Servicing, LP ("Wells Fargo"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1-XX, inclusive (collectively, "defendants"). On November 29, 2010, defendants removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On March 3, 2011, the Court entered an order denying plaintiffs' motion for remand and granting defendants' motion to dismiss the complaint without prejudice. See Dkt. No. 17.

Plaintiffs filed a first amended complaint ("FAC") against defendants on May 24, 2011. The FAC advances eight claims for relief, styled as: (1) declaratory relief; (2) intentional violation of statutes (UCC § 3301–3309; Cal. Civ. Code §§ 2923, 2924 et seq., 1916.7, 1920, 1921; Cal. Corp. Code §§ 17200 and 17500); (3) conspiracy; (4) intentional misrepresentation/deceit (fraud); (5) accounting; (6) intentional infliction of emotional distress; (7) quiet title; and (8) injunctive relief.

The FAC is virtually identical in substance to plaintiffs' original complaint. Plaintiffs' claims arise from a mortgage loan transaction into which William Collier

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

entered in 2006. See FAC ¶ 13. On July 26, 2006, Collier executed a promissory note, secured by a deed of trust on certain real property located at 43028 23rd Street W, Lancaster, CA 93536 ("property"), for a loan in the amount of $400,000 originated by Mortgage Lenders Network USA, Inc. ("Mortgage Lenders Network"). Id.; FAC, Exh. A. Collier was the only borrower under the note and the only individual who executed the note and deed of trust. FAC, Exh. A. The deed of trust names MERS as the beneficiary and states that MERS acts "as a nominee for Lender and Lender's successors and assigns." FAC, Exh. A at 3. Plaintiffs allege that on March 8, 2010, due to Collier's financial difficulties, defendants caused a Notice of Default to be recorded on the property. FAC ¶ 14. Plaintiffs further allege that sometime after the origination of the loan, MERS transferred its interest in the loan to BAC. Id. ¶ 16. The gravamen of plaintiffs' complaint is that MERS could not be the beneficiary under the deed of trust, and BAC, after being assigned the loan, could not initiate foreclosure proceedings because the promissory note and deed of trust are void ab initio. Id. ¶¶ 15–17.

On June 10, 2011, defendants filed the instant motion to dismiss. Plaintiffs filed an opposition on July 11, 2011.[1] On July 14, 2011, defendants replied. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v.

---

[1] Plaintiffs' opposition to the motion was filed late. See Local Rule 7-9. The Court will consider plaintiffs' opposition, but admonishes plaintiffs to adhere to all Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Baidoobonso-Iam's Standing

In the Court's order dismissing the original complaint, the Court directed plaintiffs to "include facts supporting plaintiff Baidoobonso-Iam's Article III standing to bring suit against defendants in this action" in their amended complaint. Dkt. No. 17 at 5. Plaintiffs have ignored that directive and filed an amended complaint that is silent as to Baidoobonso-Iam's connection to this case.

The FAC refers to "Plaintiffs" – plural – but the loan documents attached as exhibits to the FAC and original complaint demonstrate that only Collier was a party to the loan transaction at issue in the lawsuit. See FAC, Exh. A (Deed of Trust) (identifying borrower as William M. Collier, and signed and initialed by him); FAC, Exh. B (Notice of Default) (giving notice to William M. Collier); Complaint, Exh. D[2] (letter from William Collier to BAC regarding loan). Accordingly, there are no allegations in the FAC supporting Baidoobonso-Iam's Article III standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).[3]

In their opposition, plaintiffs argue that Baidoobonso-Iam is "an investor who periodically buys distressed properties and or pays consideration to a borrower who is facing foreclosure with the hope recovering [sic] the property for profit." Opp'n at 3. The Court may not consider this allegation, however, because plaintiffs did not allege it in the FAC. See Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is

---

[2] Plaintiffs attached this exhibit to the original complaint but not the FAC.

[3] It appears that Baidoobonso-Iam has a practice of "joining borrowers facing foreclosure in filing lawsuits arising out of loans to which he is not a party." See Baidoobonso-Iam v. IndyMac Federal Bank, F.S.B., No. 2:10-cv-06162-RGK, Order at 3 (Dkt. No. 21) (C.D. Cal. Nov. 3, 2010) (Defts.' Request for Judicial Notice, Exh. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."). Thus, plaintiffs are again admonished that if they choose to amend, they must include facts supporting plaintiff Baidoobonso-Iam's Article III standing to bring suit against defendants in this action. If plaintiffs fail to include such facts, the Court will dismiss Baidoobonso-Iam with prejudice.

### B. Plaintiffs' Individual Claims

#### 1. Claims 1 and 8: Declaratory and Injunctive Relief

Plaintiffs' first and eighth claims for relief are for declaratory and injunctive relief, respectively. See FAC ¶¶ 20–23, 54–55.

Declaratory relief is not an independent claim, but rather a form of relief. Santos v. Countrywide Home Loans, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009). Where declaratory relief is "entirely commensurate with the relief sought through their other causes of action," the court may dismiss the claim for declaratory relief. Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009). "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Lawrence v. Aurora Loan Servs. LLC, No. CV F 09-1598 LJO DLB, 2010 WL 364276, at *12 (E.D. Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)). Because plaintiffs fail to state viable claims for relief, as discussed herein, the Court GRANTS defendants' motion to dismiss plaintiffs' claims for declaratory relief and injunctive relief without prejudice.

#### 2. Claim 2: Intentional Violation of Statutes

In the second claim for relief, labeled "Intentional Violation of statutes of limitations," the FAC appears to allege violations of a litany of California statutes. FAC ¶¶ 24–28. The allegations in the FAC, however, provide little or no indication of how any of the listed statutes were violated. See, e.g., FAC ¶ 25 ("MERS offered to plaintiffs willfully and intentionally executed deceitful, misleading 'loan docs' and Deed of Trust in violation of California corporation code 191 and Cal CC 1916.7, 1920, 1921 and UCC 3301&3302 [sic]"). The allegations in the FAC fail to "provide the 'grounds' of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

[plaintiffs] 'entitlement to relief." Twombly, 550 U.S. at 555. See also Velasquez v. Chase Home Fin. LLC, No. C 10-01641 SI, 2010 U.S. Dist. LEXIS 82065, at *25 (N.D. Cal. Aug. 11, 2010) (dismissing claim for insufficient particularity where "[p]laintiff d[id] not state how defendants violated RESPA, or claim violations under specific sections of the statute"). If plaintiffs choose to amend, they must at least provide some indication of how the named statutes were violated. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for "Intentional Violation of statutes of limitations" without prejudice.

### 3. Claim 3: Conspiracy

Plaintiffs' third claim for conspiracy alleges that defendants acted in concert to "unlawfully 'steal' title to" the property. FAC ¶ 30.

Plaintiffs fail to state a claim for conspiracy. It is "well established" that "civil conspiracy is not an independent tort." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582 (1995). Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). It is unclear what tort plaintiffs allege defendants committed. Viewing the complaint in the light most favorable to plaintiffs, the alleged tort – stealing title to the property – is best considered as some type of fraud.[4] However, as discussed herein, plaintiffs fail to state a claim for fraud.

---

[4] Taken in its literal sense, the allegation that defendants "stole" title to the property could be read as stating a claim for conversion. However, the Court does not understand plaintiffs to allege that defendants' interfered with their physical personal property. See Hernandez v. Lopez, 180 Cal. App. 4th 932, 940 (2009) ("The tort of conversion . . . traditionally had been limited to interferences with physical personal property rather than interference to land or leased property, or to intangible property."); Salma v. Capon, 161 Cal. App. 4th 1275, 1295 (2008) ("The tort of conversion applies to personal property, not real property.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

Furthermore, in order to establish a civil conspiracy, plaintiffs must establish three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." Kidron, 40 Cal. App. 4th at 1581. Here, plaintiffs have failed to allege sufficient facts supporting an agreement among defendants. See Twombly, 550 U.S. at 555 (a conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' conspiracy claim without prejudice.

### 4. Claim 4: Fraud

In their fourth claim for relief, plaintiffs allege intentional misrepresentation, deceit, and fraud in connection with the assignment of the Deed of Trust. FAC ¶¶ 32–39.

As an initial matter, Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id.

The Court finds that plaintiffs have not sufficiently alleged fraud. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as plaintiffs in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

Plaintiffs have failed to identify with particularity the circumstances of the alleged fraud, including the name of the person who made the alleged misrepresentation and that person's authority to speak, and defendants' roles in the purported fraud. See Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged.") (internal quotation marks and citations omitted).

In addition, defendants argue that plaintiffs' fraud claim must be dismissed because lenders have no fiduciary duty to borrowers under California law. Mot. at 20 (citing Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1016 (N.D. Cal. 2010); Das v. Bank of Am., N.A., 186 Cal. App. 4th 727, 740 (2010)). Defendants are correct. Thus, If plaintiffs choose to amend, they should allege facts establishing that defendants owe plaintiffs a fiduciary duty.

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' fraud claim without prejudice.

### 5. Claim 5: Accounting

In their fifth claim, plaintiffs demand an accounting "of all payments, credits, notices and status of Plaintiffs [sic] account. . . ." FAC ¶ 42.

An accounting may take the form of either a legal remedy or an equitable claim. See Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Plaintiffs have failed to allege facts that they are entitled to an accounting in either form.

As a legal remedy, "[a] request for a legal accounting must be tethered to relevant actionable claims." Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc., No. C. 10-2842 WHA, 2010 U.S. Dist. LEXIS 99161, at *12 (N.D. Cal. Sept. 22, 2010). Because plaintiffs fail to state an actionable claim, they are not entitled to an accounting as a legal remedy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

As an equitable claim, a claim for an accounting "requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). Courts have not allowed an accounting where, as here, plaintiffs do not allege a sum owed to them by defendants. See, e.g., George v. New Century Mortg. Corp., No. C 10-03928-JF (HRL), 2010 U.S. Dist. LEXIS 113639, at *12 (N.D. Cal. Oct. 14, 2010) ("Absent a claim that she is due monies from defendants, she has no right to an accounting."); Singh v. Wells Fargo Bank, N.A., No. C-09-2035 SC, 2009 WL 2365881, at *3 (N.D. Cal. Jul. 30, 2009) (no claim for accounting where plaintiff "seeks an accounting to determine how much money he owes Defendants."). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim for an accounting without prejudice.

### 6.     Claim 6: Intentional Infliction of Emotional Distress

Plaintiffs' sixth claim is for intentional infliction of emotional distress. FAC ¶¶ 44–48. The elements for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) (internal quotations and citations omitted). Plaintiffs fail to allege any factual bases for this claim, and instead allege in a conclusory fashion that they "suffered . . . extreme emotional and mental suffering and distress. . . ." FAC ¶ 45. Such conclusory allegations of law are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988. Furthermore, to the extent that plaintiffs' claim is solely predicated on the foreclosure of their property, California courts have held that such conduct does not state a claim for intentional infliction of emotional distress. See Smith v. Wachovia, No. C 09-01300 SI, 2009 WL 1948829, at *4 (N.D. Cal. July 6, 2009) (allegations that defendant "wrongfully and intentionally initiated non-judicial foreclosure proceedings" were "not so extreme as to exceed the bounds of civilized society"). Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' intentional infliction of emotional distress claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

### 7. Claim 7: Quiet Title

Plaintiffs allege a claim for quiet title. FAC ¶¶ 49–53. "The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, No. Civ. 2:09-02642 WBS DAD, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009) (quoting Kelley v. Mortg. Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). A mortgagor is not permitted to quiet his title against the mortgagee without paying the debt secured. Shimpones v. Stickney, 219 Cal. 637, 649 (1934). Plaintiffs' quiet title claim fails because they do not allege facts demonstrating that they are the "rightful" owners of the property, and because they do not allege that they paid the debt secured by the property or have the present ability to do so. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' quiet title claim without prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' complaint in its entirety. Because plaintiffs are *pro se*, and this is the first time the Court has addressed the substance of plaintiffs' claims, the Court finds that leave to amend is appropriate. Plaintiffs shall file an amended complaint within **twenty (20) days** after the filing of this order. Plaintiffs are admonished that, in the event that they do not amend the complaint within **twenty (20) days**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |