UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** (In Chambers:) **DEFENDANTS' MOTION TO DISMISS** (filed 8/30/2011)

## I. INTRODUCTION & BACKGROUND

On October 27, 2010, plaintiffs Nana Baidoobonso-Iam and William Collier ("Collier") filed suit in the Los Angeles County Superior Court against BAC Home Loans Servicing, L.P., improperly sued as Bank of America (Home Loans) ("BAC"); ReconTrust Company, N.A. ("ReconTrust"); Wells Fargo Bank, N.A., as trustee for the holders of SASCO 2007-mini c/o BAC Home Loan Servicing, LP ("Wells Fargo"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1–XX, inclusive (collectively, "defendants"). On November 29, 2010, defendants timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On March 3, 2011, the Court entered an order denying plaintiffs' motion for remand and granting defendants' motion to dismiss the complaint without prejudice. See Dkt. No. 17. On May 24, 2011, plaintiffs filed a first amended complaint ("FAC"), which the Court also dismissed without prejudice. See Dkt. No. 28.

Collier thereafter filed a second amended complaint ("SAC") against defendants on August 15, 2011. In the SAC, Collier failed to join Nana Baidoobonso-Iam as a plaintiff.[1] The SAC advances eight claims for relief, styled as: (1) quiet title and

---

[1] In the Court's order granting defendants' motion to dismiss the FAC, the Court noted there was no evidence to support Nana Baidoobonso-Iam's standing to sue in this matter. Dkt. No. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

declaratory relief; (2) injunctive relief; (3) cancellation of a voidable contract under Rev. & Tax Code §§ 23304.1, 23305A and Violation of Cal. Corp. Code §§ 191(C)(7); (4) intentional infliction of severe mental and emotional distress; (5) to void and cancel trustee's notice of default and election to sell inder [sic] deed of trust; (6) to void or cancel assignment of deed of trust; (7) conspiracy to wrongfully foreclose; and (8) violation of California Business and Professions Code §§ 17200 et seq.

Collier's claims arise from a 2006 mortgage loan transaction. See SAC ¶¶ 10–11. Specifically, on July 26, 2006, Collier purchased certain real property located at 43028 23rd Street W, Lancaster, CA 93536 ("property"), for a loan in the amount of $400,000 originated by Mortgage Lenders Network USA, Inc. ("Mortgage Lenders Network"). Id.; FAC, Exh. A.[2] Collier alleges that on March 8, 2010, due to his financial difficulties, ReconTrust, as an agent for MERS, caused a Notice of Default to be recorded on the property. SAC ¶¶ 14–15. Collier alleges that MERS did not have legal standing to substitute ReconTrust as the trustee and did not provide proper notice as required by California Civil Code § 2923.5. Id. ¶ 16. Collier further alleges that sometime after the origination of the loan, MERS transferred its interest in the loan to BAC. Id. ¶ 19. The gravamen of plaintiff's complaint is that MERS could not be the beneficiary under the deed of trust, and that BAC, after being assigned the loan, could not initiate foreclosure proceedings because the promissory note and deed of trust are void ab initio. Id. ¶¶ 16–23.

On August 30, 2011, defendants moved to dismiss the SAC. Collier filed his opposition on September 16, 2011, and defendants replied on September 22, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

---

[2] The loan document was included as an exhibit to the FAC, but not the SAC. The Court construes this as an inadvertent omission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

Because many of the claims alleged in the SAC stem from the notice of default and assignment of the deed of trust, the Court will address those claims first.

### A. Fifth and Sixth Claims: To Void or Cancel Trustee's Notice of Default and to Void or Cancel Assignment of Deed of Trust

Collier's fifth and sixth claims for relief are "to void and cancel trustee's notice of default" and "to void or cancel assignment of deed of trust," respectively. See SAC ¶¶ 57–62. Collier Collier argues that the Assignment of Deed of Trust is invalid because "MERS did not have standing or legal authority to assign the deed of trust." Id. ¶ 61. Moreover, Collier contends that ReconTrust had not been substituted as trustee when it filed the notice of default. Id. ¶ 17. Finally, Collier contends the notice of default fails because no defendant presented the original promissory note in instituting the foreclosure. Id. ¶ 22.[3]

Defendants argue that these claims should be dismissed because Collier "expressly agreed to authorize MERS to act as beneficiary" when he signed the Deed of Trust. Mot. at 6. Further, defendants note that California courts have rejected challenges to the validity of documents based on MERS' authority. Id. Thus, defendants contend MERS had full authority to assign the Deed of Trust. Id. at 8.

The Court finds plaintiff's fifth and sixth claims to be without merit. As this Court previously noted, a plaintiff's "challenge to the validity of the Notice of Default and Corporation Assignment of Deed of Trust based on MERS' authority as the beneficiary under the deed of trust has been rejected by courts throughout California." Cerecedes v. U.S. Bankcorp, No. CV 11-219 CAS (FMOx) (C.D. Cal. July 11, 2011); see also Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1098–99 (E.D. Cal. 2010) ("There

---

[3]At oral argument, the Court granted Collier's request to file a supplemental brief with regards to MERS' capacity to conduct business in California. The supplemental brief largely reiterates the same arguments found in Collier's opposition. Compare Opp'n at 5–7 with Supp. Brief at 1–5. The supplemental brief does not alter the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure."); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1157 (2011) (holding that provision in deed of trust granting MERS the authority to initiate a foreclosure was valid, even if MERS did not hold a beneficial interest in the deed of trust, where MERS was designated as nominee for lender and lender's successors and assigns). Here, Collier expressly agreed to authorize MERS to act as beneficiary when he signed the deed of trust. Def. RJN, Exh. A ("MERS is the beneficiary under this Security Instrument."). Accordingly, Collier's contention that MERS lacked authority to institute foreclosure is rejected. See Gomes v. Mortg. Elec. Reg. Sys., 192 Cal. App. 4th 1149, 1158 (Cal. Ct. App. 2011) ("[B]y entering into the deed of trust, [plaintiff] agreed that MERS had the authority to initiate a foreclosure.").

Moreover, the Court rejects Collier's allegation that ReconTrust's notice of default is void because it had not been properly substituted as trustee when it filed the notice. The notice of default explicitly states that ReconTrust was "acting as an agent for the Beneficiary under a Deed of Trust dated 07/26/2006." Def. RJN, Exh. B at 3. California law expressly authorizes agents of a beneficiary to file a notice of default. Cal. Civ. Code § 2924(a)(1) ("The trustee, mortgagee, or beneficiary, *or any of their authorized agents* shall first file . . . a notice of default.") (emphasis added). Accordingly, courts have routinely rejected the notion that a notice of default filed by a beneficiary's agent is void simply because that agent is later substituted as the trustee. See, e.g., Bascos v. Fed. Home Loan Mortg. Corp., 2011 WL 3157063, *5 (C.D. Cal. July 22, 2011) ("Trustee Corps had the authority to execute the Notice of Default even though it was not yet substituted in as Trustee.") (citing Cal. Civ. Code § 2924(a)(1)). Likewise, Collier's contention that MERS lacked authority to assign the deed of trust is similarly unpersuasive. Section 2924 clearly states that as beneficiary, MERS may assign its interests. See, e.g., Germon v. BAC Home Loans Serv., L.P., 2011 WL 719591, *2 (S.D. Cal. Feb. 22, 2011) (holding that the language of § 2924 grants MERS the power "to assign its beneficial interest under the deed of trust").

Finally, Collier's argument that he is entitled to void the notice of default because he was not presented with the original promissory note is unavailing. "Under California law, there is no requirement for the production of the original note to initiate a non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

judicial foreclosure." Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009). Indeed, "courts have uniformly found that 'physical possession of the original proimssory note is not a pre-requisite to initiating foreclosure proceedings.'" Javaheri v. JPMorgan Chase Bank, N.A., 2011 WL 1131518, *2 (Mar. 24, 2011) (citing cases).

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss the fifth and sixth claims with prejudice.

**B.      Third Claim: Cancellation of a voidable contract under Rev. & Tax Code §§ 23304.1, 23305A and Violation of Cal. Corp. Code §§ 191(C)(7)**

In his third claim, Collier argues that the Deed of Trust and the Substitution of Trustee and Assignment of Deed of Trust are voidable pursuant to Cal. Rev. & Tax Code §§ 23304.1, 23304.1(b) and 23305(a) because MERS failed to comply with the California franchise tax laws.[4] SAC ¶ 45. Collier argues that MERS was not registered in California and had no legal authority to prepare of execute the Assignment Deed of Trust. Id. ¶ 48.

Defendants argue that the Cal. Rev. & Tax Code sections cited by Collier do not apply for several reasons. Mot. at 10. First, defendants argue that § 23304.1 applies to contracts and parties to contracts; here, Collier is not a party to either document and neither document is a contract. Id. Second, defendants note that the four-year statute of limitations has expired. Id. at 11. Third, defendants argue that MERS has not operated illegally in California. Id. Fourth, defendants note that MERS has now registered with the California Secretary of State, and there fore is "entitled to have its prior transactions given full effect." Id.; Perlas v. Mortgage Elec. Registration Sys., 2010 WL 3079262, *7 (N.D. Cal., Aug. 6, 2010). Finally, defendants argue that even if this Court ordered rescission of the contract, Collier would need to restore the consideration to the other

---

[4]Section 23304.1 provides that a party to a contract may void the contract if it is entered into with a foreign corporation that "is neither qualified to do business nor has a corporate account number from the Franchise Tax Board" in California. Cal. Rev. & Tax Code § 23304.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

contracting party. Mot. at 12.

The Court finds that Collier's third claim fails for two reasons: first, courts have routinely recognized that MERS's conduct in California is within the permissible scope for an unregistered foreign corporation and thus is not governed by § 23304.1. See, e.g., Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1195 n.3 (rejecting assertion that MERS is not qualified to do business in California); Foster v. SCME Mortg. Bankers, Inc., 2010 WL 2574074, *2 (E.D. Cal. June 25, 2010) (same). Second, even if MERS's conduct fell within the scope of § 23304.1, MERS registered with California's Secretary of State on July 21, 2010, and therefore is "entitled to have its prior transactions given full effect." Perlas, 2010 WL 3079262, *7.

Accordingly, because § 23304.1 does not apply to MERS's conduct in California, Collier is unable to void the contract. Defendants' motion is GRANTED as to the third claim with prejudice.

### C. Fourth Claim: Intentional Infliction of Severe Mental and Emotional Distress

Collier's fourth claim is for intentional infliction of emotional distress. SAC ¶¶ 50–56. The elements for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) (internal quotations and citations omitted). Collier alleges that defendants' conduct in wrongfully foreclosing on the subject property without legal authority was "extreme and outrageous conduct." SAC ¶ 54. Collier further contends in a conclusory fashion that "as a proximate result of defendants' conduct" he "suffered severe humiliation, mental anguish, and emotional and physical distress." Id. ¶ 55. Such conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988.

Moreover, to the extent that Collier's claim is solely predicated on the foreclosure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

of his property, California courts have held that such conduct does not state a claim for intentional infliction of emotional distress. See, e.g., Smith v. Wachovia, 2009 WL 1948829, *4 (N.D. Cal. July 6, 2009) (allegations that defendant "wrongfully and intentionally initiated non-judicial foreclosure proceedings" were "not so extreme as to exceed the bounds of civilized society").

Accordingly, the Court GRANTS defendants' motion to dismiss Collier's fourth claim with prejudice.

### D. Seventh Claim: Conspiracy to Wrongfully Foreclose

Collier's seventh claim is for conspiracy to wrongfully foreclose. SAC ¶¶ 63–70. It is "well established" that "civil conspiracy is not an independent tort." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582 (1995). Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994).

Furthermore, in order to establish a civil conspiracy, plaintiff must establish three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." Kidron, 40 Cal. App. 4th at 1581.

Defendants argues this claim should be dismissed for the same reasons it was dismissed in the FAC. Mot. at 14. Moreover, defendants contend that Collier does not allege any agreement to commit wrongful acts. Id. Further, defendants note that Cal. Civ. Code § 2923.5(a)(1) was not violated because defendants provided a declaration indicating that defendants "tried with due diligence to contact the borrower." Id. at 15.

The Court finds that Collier's conspiracy allegation fails to state a claim. Nowhere in the SAC does Collier allege an "agreement to commit wrongful acts," as required as a predicate for a conspiracy claim. People ex rel. Kennedy v. Beaumont Inv., Ltd., 111 Cal. App. 4th 102, 137 (Cal. Ct. App. 2003). That alone is basis for dismissal. Moreover, the underlying allegations that support the alleged conspiracy are without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

merit. Collier's contention that none of the defendants own the promissory note that he signed is irrelevant for the purposes of determining whether defendants had the right to institute non-judicial foreclosure. Javaheri, 2011 WL 1131518 at *2 ("[P]hysical possession of the original proimssory note is not a pre-requisite to initiating foreclosure proceedings."). Second, Collier's assertion that defendants conspired against him by not notifying him when they sold or transferred his loan is unavailing. The deed of trust expressly states that it "can be sold one or more times without prior notice to the Borrower." Def. RJN, Exh. A § 20. Finally, defendants met the mandates of Cal. Civ. Code § 2923.5 by "diligent[ly" attempting to contact Collier before filing the notice of default on his property. See Def. RJN, Exh. B at 5 (providing a declaration from a BAC employee stating that the employee "tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5").

Accordingly, the Court GRANTS defendants' motion as to the seventh claim with prejudice.

### E. Eighth Claim: Violation of California Business and Professions Code Sections 17200 et seq.

The Unfair Competition Law ("UCL") provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, the statute is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001).

Collier's eighth claim alleges that defendants violated the UCL by engaging in fraudulent and deceptive business practices. SAC ¶ 72, 74. Collier sets forth a litany of alleged misdeeds by the defendants, from assessing improper or excessive late fees to executing and recording false and misleading documents. Id. Thus, Collier states he "and other California consumers" have suffered damages in the form of "improper fees and charges." Id. ¶ 78.

Defendants argue that the SAC "merely prints a laundry list of a dozen conclusory allegations, identifying no factual allegations" in support of them. Mot. at 16. Further,

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

defendants argue that Collier lacks standing because he has not alleged any actual "lost money or property" as required by Cal. Bus. & Prof. Code § 17204. Id. at 17. Defendants also assert that Collier never alleged that he actually paid improper fees. Id.

California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). Here, Collier's SAC alleges nothing more than listing 12 "deceptive" business practices such as "assessing improper or late fees" and "instituting improper or premature foreclosure proceedings to generate unwarranted fees." See SAC ¶ 74(a)–(l). Nowhere in the complaint does Collier allege any factual bases for his assertions. That reason alone warrants dismissal. See, e.g., Khoury v., Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993) ("A plaintiff alleging unfair business practice under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."); Manabat v. Sierra Pac. Mortg. Co. Inc., 2010 WL 2574161, *16 (E.D. Cal. June 25, 2010) (same). Indeed, the SAC fails to identify which defendant allegedly committed the actions in question. See Caravantes v. California Reconveyance Co., 2010 WL 4055560, *7 (S.D. Cal. Oct. 14, 2010) (dismissing UCL claim that "fails to differentiate between the Different defendants and also fails to explain how Defendants' actions were unlawful, unfair, and/or fraudulent"). Finally, "[b]ecause the underlying [claims asserted by Collier] fail," see discussion supra, "the derivative UCL" claims must also fail. Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1147 (Cal. Ct. App. 2011).

Accordingly, the Court GRANTS defendants' motion with prejudice as to the eighth claim.

  **F. First and Second Claims: (1) Quiet Title and Declaratory Relief and (2) Injunctive Relief**

Collier styles his first and second claims for relief as "quiet title and declaratory relief" and "injunctive relief." SAC ¶¶ 24–29, 30–41.

"The purpose of a quiet title action is to establish one's title against adverse claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, 2009 WL 3756337, *4 (E.D. Cal. Nov. 6, 2009) (quoting Kelley v. Mortg. Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). A mortgagor is not permitted to quiet his title against the mortgagee without paying the debt secured. Shimpones v. Stickney, 219 Cal. 637, 649 (1934).

Collier's quiet title claim fails because he does not allege facts demonstrating that he is the "rightful" owner of the property, and he has not established that he has satisfied his obligations under the deed of trust. Although Collier baldly states that he "stood ready and able" to cure the delinquent payments due under the loan, blanket statements are insufficient to establish that he has actually satisfied his obligations under the deed of trust. Kelley, 642 F. Supp. 2d at 1057; Shimpones, 213 Cal. at 649.

Moreover, declaratory relief is not an independent claim, but rather a form of relief. Santos, 2009 WL 3756337 at *5. Where declaratory relief is "entirely commensurate with the relief sought through their other causes of action," the court may dismiss the claim for declaratory relief. Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009). Similarly, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Lawrence v. Aurora Loan Servs. LLC, 2010 WL 364276, at *12 (E.D. Cal. Jan. 25, 2010) (quoting Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)). Because Collier has failed to state any viable claims for relief, see supra, his claims for declaratory and injunctive relief must be dismissed.

Accordingly, the Court GRANTS defendants' motion as to Collier's first and second claims with prejudice.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss. Because plaintiff has been given three prior opportunities to plead adequate claims but has failed to do so, the Court finds that granting another leave to amend would be futile. Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (dismissing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9171 CAS (MANx) | Date | November 22, 2011 |
|---|---|---|---|
| Title | NANA BAIDOOBONSO-IAM; ET AL. v. BANK OF AMERICA (HOME LOANS); ET AL. | | |

with prejudice is proper where "any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal"). Accordingly, the motion is granted with prejudice.

  IT IS SO ORDERED.

                                :  00

                Initials of Preparer  RS